UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TANZUE SHEPARD,

                Plaintiff,

-against-

MS. BRADLEY; COUNTY OF WESTCHESTER,

                Defendants.

25-CV-4752 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses do not explain how he is providing for himself. In response to questions regarding his financial circumstances, he indicates that he has no income, assets, or expenses. Because Plaintiff's IFP application does not appear to provide a full accounting of his financial circumstances, the Court is unable to determine whether he can pay the fees for this action.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-4752 (LTS) and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Court also directs Plaintiff to resubmit the signature page of the complaint, which is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)"). Plaintiff is directed to sign and submit the attached signature page within 30 days of the date of this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 12, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge