UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TANZUE SHEPARD,

Plaintiff,

-against-

MS. BRADLEY; COUNTY OF WESTCHESTER; OTHERS WRONGDOERS; PUBLIC SERVANTS; STATE EMPLOYEES; STATE ACTORS; HUMANS,

Defendants.

25-CV-4752 (KMW)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action asserting claims arising from his February 8, 2023 interaction with New York City Police Department ("NYPD") officers. He names as Defendants "Ms. Bradley," who Plaintiff identifies as a supervisor of a traffic violations bureau, and Westchester County. He also names unidentified defendants but does not provide any descriptions of these individuals. By Order dated October 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 8.) For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff brings this action against Westchester County and an individual employed with an unidentified state or local government. He asserts claims arising from an interaction with NYPD officers. The following facts are taken from the complaint.[1]

On February 8, 2023, "without probable cause, in order to check the identity of the man Tanzue Shepard, . . . NYPD officers violated [Plaintiff's] Fourth Amendment right to be free from unreasonable searches and seizures." (ECF No. 1, at 3.) Plaintiff indicates that the officers relied "on a facially invalid warrant," and "had no probable cause to believe that [Plaintiff] was committing or had committed a crime at the time they placed pulled him over." (*Id.* at 4.) Plaintiff asserts that "the City of Manhattan NYPD . . . [showed] deliberate indifference to the

[1] The Court quotes from the complaint verbatim. All other spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

rights of the criminally accused within Westchester County." (*Id.*) Plaintiff seeks monetary relief.

## DISCUSSION

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678. Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with Rule 8 because his assertions do not plausibly suggest a viable claim against Defendants. The facts alleged suggest only that on February 8, 2023, NYPD officers (1) confirmed Plaintiff's identity, (2) relied on an invalid warrant, and (3) "pulled [Plaintiff] over." (ECF No. 1, at 4.) It is unclear, however, how the NYPD officers violated his rights, why they interacted with him in Westchester County, whether Plaintiff was

driving when these officers pulled his vehicle over, and what role the warrant played in this interaction, if any. Moreover, because Plaintiff only names Westchester County and a government employee responsible for traffic violations, it appears he does not seek relief from the NYPD officers, the only individuals with whom he interacted. Finally, as to the Defendants he does name—Westchester County and Ms. Bradley—he does not allege facts suggesting their personal involvement in the interaction.

The facts alleged in the complaint do not give Defendants Westchester County and Ms. Bradley fair notice of Plaintiff's claims against them and the grounds upon which these claims rest. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend his complaint to allege additional facts stating a valid claim.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 4, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge